**Johnnie HENLEY, Appellant, v. STATE of Texas, Appellee.**

No. 23471.

Court of Criminal Appeals of Texas.

Oct. 16, 1946.

J. T. Kelley, of Houston, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for burglary. The punishment assessed is confinement in the state penitentiary for a term of five years.

Since perfecting his appeal, appellant has filed a written motion, duly verified, requesting the privilege of withdrawing the appeal. The motion is granted and the appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**Bert F. HOWELL, Appellant, v. STATE of Texas, Appellee.**

No. 23444.

Court of Criminal Appeals of Texas.

Oct. 30, 1946.

Ernest S. Goens, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted of the offense of driving while intoxicated and assessed a fine of $50, from which he appeals.

The appeal is presented on three bills of exception. Bill No. 1 contains a number of questions and answers. Under the rules this bill will not be considered. Bill No. 2 is in the same condition.

Bill of Exception No. 3 complains of the evidence of the witness Charles Anderson, on the ground that he stated a conclusion and that "* * * he does not have any qualifications to testify to that." This bill is qualified by the court who refers to the statement of facts and includes in his qualification statements of the same witness as to his experience, all of which, we think, amply qualify the witness, under the rule, to give the evidence.

The judgment of the trial court is affirmed.

**TEXAS EMPLOYERS' INSURANCE ASS'N, Appellant, v. Tyra Ellison HOLMES, Appellee.**

No. 13688.

Court of Civil Appeals of Texas. Dallas.

Oct. 18, 1946.

Burford, Ryburn, Hincks & Ford and Clarence Guittard all of Dallas, for appellant.

White & Yarborough of Dallas, for appellee.

PER CURIAM.

This cause, involving a construction of sec. 12, Art. 8306, R.C.S., was submitted under an agreed statement of facts, set forth in Certificate to the Supreme Court of date January 18, 1946. It follows from the opinion and affirmative answer of that court to the question certified (196 S.W.2d 390), that the trial court applied the correct rule in fixing amount of compensation due appellee.

In accordance with the decision of the Supreme Court on the issue submitted by way of certified question, judgment of the trial court is in all respects affirmed.